UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND HICKMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No. 15-cv-05115-BLF<br><br>**ORDER DENYING DEFENDANT PORTFOLIO RECOVERY ASSOCIATES' RULE 20(a) MOTION AS PREMATURE; CONSTRUING RULE 12(b)(6) MOTION TO DISMISS AS A RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS; AND GRANTING RULE 12(c) MOTION WITH LEAVE TO AMEND**<br><br>[RE: ECF 30] |

Defendant Portfolio Recovery Associates, LLC ("PRA") moves to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(6) and 20(a). For the reasons stated on the record at the hearing on March 17, 2016 and discussed below, the Court DENIES the Rule 20(a) motion without prejudice as premature, construes the Rule 12(b)(6) motion to dismiss as a Rule 12(c) motion for judgment on the pleadings, and GRANTS the Rule 12(c) motion WITH LEAVE TO AMEND.

**I.    BACKGROUND**

Plaintiff has filed a form complaint containing boilerplate allegations arising from unspecified inaccuracies in his credit reports. Plaintiff claims that he gave the defendant credit reporting agencies notice of the inaccuracies, but they and the entities that furnished the inaccurate

1   information failed to perform reasonable investigations or correct the inaccuracies.  Plaintiff
2   asserts claims under (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2; (2) the
3   California Consumer Credit Reporting Agencies Act ("CCRA"), Cal. Civ. Code § 1785.25(a); and
4   California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.

**II.      DISCUSSION**

PRA seeks dismissal of the complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and under Rule 20(a) for improper joinder of parties.  The Rule 20(a) motion is premature because, as is discussed below, Plaintiff's factual allegations are so sparse that the Court cannot determine whether the defendants in this action are improperly joined.  This ruling is without prejudice to a future assertion of improper joinder in an appropriate motion.  The Rule 12(b)(6) motion is untimely, as PRA answered the complaint on December 1, 2015 prior to bringing the motion on January 4, 2016.  *See* Fed. R. Civ. P. 12(b) (providing that a Rule 12 motion "must be made before pleading if a responsive pleading is allowed").  However, the Court construes PRA's Rule 12(b)(6) motion as a motion for judgment on the pleadings under Rule 12(c).  *See Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. CV 11-05973 PSG, 2013 WL 2239445, at *3 (N.D. Cal. May 21, 2013) (construing post-answer Rule 12(b)(6) motion as a Rule 12(c) motion).  "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted).

Plaintiff's complaint fails to meet the most basic pleading requirements.  Federal Rule of Civil Procedure 8(a) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Federal Rule of Civil Procedure 12(b)(6) requires that the complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  As discussed in more detail below,

1  Plaintiff does not identify with any particularity *what* inaccurate information appeared on the
2  credit reports. Thus the complaint does not contain facts sufficient to put PRA on notice of the
3  claims against it or to show that Plaintiff is entitled to relief.
4        Claim 1 is asserted under the FCRA, which is titled "Responsibilities of furnishers of
5  information to consumer reporting agencies." 15 U.S.C. § 1681s-2. Section 1681s-2(a) does not
6  provide a private right of action, so to the extent that Plaintiff asserts a claim under that section, it
7  is subject to dismissal. *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60
8  (9th Cir. 2002). The FCRA does provide a private right of action under § 1681s-2(b) against a
9  person who furnishes information to a credit reporting agency but fails to take certain steps when
10 informed of a dispute regarding the completeness or accuracy of such information. *See id.* at
11 1060; *Littleton v. Experian Info. Sols., Inc.*, No. 15-cv-01619-EJD, 2015 WL 4638308, at *1 (N.D.
12 Cal. Aug. 4, 2015). A plaintiff asserting a claim under § 1681s-2(b) must allege what information
13 the defendant furnished to the credit reporting agency and why that information was incomplete or
14 inaccurate. *See Littleton*, 2015 WL 4638308, at *2. Plaintiff has not alleged what information
15 PRA communicated to the defendant credit reporting agencies or why such information was
16 incomplete or inaccurate.
17       Claim 2 is asserted under § 1785.25(a) of the CCRA, which provides that "[a] person shall
18 not furnish information on a specific transaction or experience to any consumer credit reporting
19 agency if the person knows or should know the information is incomplete or inaccurate." Cal.
20 Civ. Code § 1785.25(a). Plaintiff has not alleged what information PRA furnished to the
21 defendant credit reporting agencies or that PRA knew or should have known the information was
22 incomplete or inaccurate.
23       Claim 3 is asserted under the UCL. Plaintiff's counsel stated at the hearing that Plaintiff
24 wishes to dismiss Claim 3 voluntarily.
25       Accordingly, PRA's motion for judgment on the pleadings is GRANTED as to all claims
26 with leave to amend as to Claims 1 and 2.
27 //
28 //

**III.    ORDER**

(1) PRA's motion to dismiss under Rule 20(a) is DENIED WITHOUT PREJUDICE;

(2) PRA's motion to dismiss under Rule 12(b)(6) is construed as a motion for judgment on the pleadings under Rule 12(c) and GRANTED WITH LEAVE TO AMEND as to Claims 1 and 2;

(3) Leave to amend is limited to the claims addressed in this order; Plaintiff may not add additional claims or parties without express leave of the Court; and

(4) As stated on the record at the hearing on March 17, 2016, any amended pleading shall be filed on or before March 31, 2016.

**IT IS SO ORDERED.**

Dated: March 28, 2016

_____
BETH LABSON FREEMAN
United States District Judge